# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 2:20-cr-266-2 |
| | ) |
| NORBERTO CASTILLO-LOPEZ, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**AND NOW**, this 18th day of December, 2023, upon consideration of the Motion to Withdraw as Attorney filed by Defendant Norberto Castillo-Lopez's counsel, it is hereby **ORDERED** that the motion is **DENIED**.

According to the motion, Mr. Castillo-Lopez has notified counsel that he "wishes to discharge" counsel and requests that the Court "appoint a new attorney to represent him." ECF 708, ¶ 1. The crux of his complaint seems to be counsel's strategic decision not to pursue certain pretrial motions prior to his conviction. After careful consideration, the Court does not find that there is good cause to remove existing counsel and appoint new counsel to take over Mr. Castillo-Lopez's representation at this late juncture.

This is not a case in which there is a complete breakdown of communication or an irreconcilable conflict between Mr. Castillo-Lopez and counsel. The Court personally observed counsel's positive interactions with Mr. Castillo-Lopez during trial. At all times, Mr. Castillo-Lopez and counsel worked cooperatively to mount an effective defense on Mr. Castillo-Lopez's behalf. Plus, before trial, Mr. Castillo-Lopez and counsel resolved a disagreement, in the Court's presence, and they clearly managed to move on and have a productive working relationship, all the way through the end of trial. Mr. Castillo-Lopez does not have the right to simply demand new counsel under these circumstances. "The right of an accused to effective assistance

of counsel, does not extend to the appointment of counsel of choice, or to special rapport, confidence, or even meaningful relationship with appointed counsel." *United States v. Jackson*, No. 10-199, 2019 WL 1571671, at \*2 (W.D. Pa. Apr. 11, 2019) (Ambrose, J.) (cleaned up). All that he's entitled to is "the right to representation by competent counsel at trial," which is precisely what he's received so far. *Siers v. Ryan*, 773 F.2d 37, 44 (3d Cir. 1985).

Moreover, removing counsel now at this late stage would likely prejudice Mr. Castillo-Lopez and be contrary to the fair and efficient administration of justice. We are on the cusp of sentencing. Current counsel is intimately familiar with the case and the trial transcript, so he is best positioned to shepherd Mr. Castillo-Lopez through this final stage of the case: sentencing. Any new lawyer would quickly have to get up to speed to meet the upcoming deadlines for Mr. Castillo-Lopez's sentencing submissions, which may not even be possible given the substantial record involved. Even if it were possible for someone else to meet these deadlines, it could be done only after significant effort and expense—all so a new lawyer could learn things that current counsel already knows. And the Court is not inclined to delay these proceedings any further given that this multi-defendant case has been pending for over three years, and Mr. Castillo-Lopez will be the last defendant to be sentenced. The Court must consider the public's interest in seeing this case reach its conclusion.

Finally, the pretrial motion that Mr. Castillo-Lopez describes that he wanted counsel to pursue lacks any merit. Essentially, his argument is that the indictment should have been dismissed because it doesn't allege a *mens rea* element and doesn't allege a specific amount of drugs for the conspiracy and, instead, only lists "five

kilograms," which is "the statute [sic] amount." ECF 693, p. 5. According to him, that violated his constitutional right to "prior notice." *Id*. These arguments are frivolous.

First, as it pertains to *mens rea*, the indictment clearly alleges that element when it states that Mr. Castillo-Lopez "knowingly, intentionally and unlawfully" conspired.

Second, as it pertains to drug quantity, the indictment identifies 5 kilograms of cocaine because that is the drug quantity that triggers the 10-year mandatory minimum and the lifetime statutory maximum sentence. *Alleyne v. United States*, 570 U.S. 99 (2013); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). At trial, the jury was instructed on the issue of drug quantity, was presented a jury interrogatory on drug quantity, and found beyond a reasonable doubt that the drug quantity attributable to Mr. Castillo-Lopez was 5 kilograms or more of cocaine. The indictment need not provide a more specific amount for drug quantity beyond any minimum quantity that triggers the mandatory minimum and statutory maximum penalties.

Third, the indictment cites everything else that is necessary to place Mr. Castillo-Lopez on notice: the relevant statute, the elements of violation under that statute, and the period when the violation occurred. *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012). Thus, a challenge to the facial validity of the indictment, had it been brought by counsel, would have necessarily failed.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge